GEORGE C. WOODRUFF, EXECUTOR, vs. ACHILLE F. MIGEON
AND OTHERS.

A testator made the following provision in his will:—"All debts and claims evidenced by notes, bonds or mortgages in my favor against any of my children or sons in-law, I release and discharge." The will was made in 1875, and the testator died in 1876. In 1865 he took a note and mortgage from a corporation for $5,000. In 1871 the real estate mortgaged was conveyed to the testator's son A, who agreed to assume the mortgage debt, which fact the testator knew when the will was made. At the time of the execution of the will there were notes held by him which answered the description in the will. Held that the provision in question did not apply to the corporation note.

And held that evidence offered by A, that the testator, both before and after the making of the will, spoke of the corporation note as A's note, was inadmissible, the testator having used in the will plain language, about the meaning of which there could be no doubt.

And that evidence that other notes like those described in the will had existed at the time the will was made, but could not be found by the executor, was admissible.

PETITION for advice as to the construction of a will; brought by the executor to the Superior Court in Litchfield County, and heard, upon the petition, and answers of the different respondents, before *Sanford, J.* Decree passed, and motion in error by Achille F. Migeon, one of the respondents. The case is sufficiently stated in the opinion.

*C. B. Andrews* and *G. H. Welch*, for the plaintiff in error.

*E. W. Seymour*, for the defendants in error.

CARPENTER, J. This case turns upon the construction of the following clause of Henry Migeon's will:

"All debts and claims evidenced by notes, bonds or mortgages in my favor against any of my children, or any of my sons-in-law, husbands of any of my daughters, I forever release and discharge, and they are from and after my decease to be taken and deemed to be null and void and shall be surrendered to the debtors."

At the time of his death he held a note against Church, Heminway & Co., a joint stock corporation, for five thousand

dollars, dated April 10th, 1865, and secured by mortgage of real estate. In November, 1871, the real estate subject to the mortgage was conveyed to Achille F. Migeon, he agreeing to assume and pay the note. The will was made in June, 1875. At that time the testator knew that his son, Achille, had agreed to pay the Church, Heminway & Co. note.

At the time of the execution of the will and at that of the testator's death there was one note against a son-in-law of $1,000, to which the terms of the will were applicable. There were also, when the will was executed, other notes answering the description in the will, but they were not found by the executor.

Achille F. Migeon claimed that the Church, Heminway & Co. note should be surrendered to him under the above clause of the will. The Superior Court held otherwise, and he brings the case before this court by a motion in error.

Before proceeding to consider the question of construction we will briefly notice the questions of evidence.

1. The evidence offered by the respondents other than Achille, and objected to by him, to prove that other notes such as were described in the will had existed but were not found by the executor, was admissible for the purpose of showing the relation which the testator had sustained to his children and sons-in-law. That relation might continue or a similar relation might exist at the time of his death. A knowledge of these facts enables us to see more clearly what was in the mind of the testator at the time the will was drawn.

2. Evidence that certain business firms, of which his son and sons-in-law or some of them were members, were indebted to him, was not important. The view we have taken of the main question shows that the facts proved thereby could not possibly affect the construction of the will. Nevertheless we are inclined to think that it was properly received as tending to show a part of the history of the case.

3. Evidence offered by Achille that the testator in speaking of the note for five thousand dollars, both before and after the execution of the will, spoke of it as Achille's note, and

that he was to look to him for the payment of the mortgage, was properly rejected. In the will the testator used definite and precise language. Its meaning is neither doubtful nor obscure, and can not be extended by loose and to some extent inaccurate declarations made by him at other times. The authorities cited showing that courts will sometimes admit parol evidence for the purpose of showing in what sense the testator used certain terms or expressions which are ambiguous or of doubtful meaning hardly apply.

We come now to the question of construction. The court below construed the clause of the will under consideration as not applying to the Church, Heminway & Co. note. We cannot say that that construction was erroneous. It is quite possible that the testator intended that it should apply to this note. But the language used, giving to it its ordinary meaning, will hardly bear that construction. Taking it in connection with the whole will and the attending circumstances we do not think that such intention is sufficiently clear to justify us in departing from the ordinary meaning of the words of the will. The words are, " all debts and claims evidenced by notes, bonds or mortgages against any of my children," &c. Had this note been signed by Achille it would have been exactly described by the will; the note itself would have evidenced a debt against him in favor of the testator. The note in controversy is not of that description. The note itself evidences a debt against Church, Heminway & Co. Extrinsic evidence is necessary to show that it has become a debt against Achille F. Migeon. The debt is not evidenced by the note and mortgage alone. To establish it fully it is necessary to introduce the deed from Church, Heminway & Co. to Achille, and also parol evidence. Had the testator intended that such a debt should be surrendered and discharged he would probably have used language evincing such intention. Instead of doing so he has limited the operation of this clause in his will to debts proved in a particular manner. Moreover the grand scheme, so to speak, or general intention of the whole will, is to divide the bulk of his property equally among his children. To this there are exceptions. He gives the

homestead and furniture to one of his daughters.  He then provides that two of his daughters shall pay from their shares each a certain sum to the other daughters; and then the clause under consideration giving to each child or son-in-law any debt evidenced by note, etc.  Now the question is, whether this item, amounting to five thousand dollars, shall be disposed of with the bulk of his property according to the testator's general intention, or whether it shall be separated from the rest and given to the son according to a particular intention indicated in the will.  We do not feel called upon to adopt any forced or strained construction in order to bring this item within one of the exceptional clauses.  The obvious and ordinary meaning of the language would leave it in the great body of the estate, to be disposed of by the general provision of the will.  The Superior Court decided that the latter was the better construction, and therefore best effectuated the intention of the testator; and we think on the whole that that decision was correct.

There is no error.

In this opinion the other judges concurred.